LAW OFFICE OF BERNARD V. KLEINMAN, PLLC
By: Bernard V. Kleinman, Esq.
108 Village Square
Suite 313
Somers, NY 10589-2305
Tel. 914.644.6660
Fax 914.694.1647
Email: attrnylwyr@yahoo.com
Attorney for Plaintiffs
#
UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

==============================  :
COLORADO SPRINGS FELLOWSHIP      :
CHURCH, ERIC JENKINS, MATTHEW    :
BROWN, WILLIAM WILLIAMS, WILLIE  :
PEE, TORRI LOPEZ, CLIFFORD       :
STEWART, MICHELE HARRIS,         :
YOLANDA BANKS WALKER,            :
                                 :
              Plaintiffs,        :
                                 :
                                 :        Case No. 21-cv-__1368____
                                 :
        — versus —               :
                                 :
                                 :
CITY OF COLORADO SPRINGS,         :
COLORADO SPRINGS POLICE          :
DEPARTMENT, OFFICE OF THE         :
DISTRICT ATTORNEY, FOURTH        :
JUDICIAL DISTRICT,               :
MICHAEL J. ALLEN, DISTRICT        :
ATTORNEY, INDIVIDUALLY AND IN     :
HIS OFFICIAL CAPACITY, VINCE      :
NISKI, CHIEF OF POLICE,          :
INDIVIDUALLY AND IN HIS OFFICIAL  :
CAPACITY, BRIAN CORRADO,         :
DETECTIVE, INDIVIDUALLY AND IN    :
HIS OFFICIAL CAPACITY, Jointly and :
Individually,                    :
                                 :
              Defendants.        :
==============================  :

## COMPLAINT AND JURY DEMAND
_____

Plaintiffs COLORADO SPRINGS FELLOWSHIP CHURCH, ERIC JENKINS, MATTHEW BROWN, WILLIAM WILLIAMS, WILLIE PEE, TORRI LOPEZ, CLIFFORD STEWART, MICHELE HARRIS, and YOLANDA BANKS WALKER, by and through their attorney, Bernard V. Kleinman, Esq., of the Law Firm of Bernard V. Kleinman, PLLC, an attorney duly admitted to practice law before the Bar of this Court, do respectfully allege for their Complaint as follows:

### INTRODUCTION

1. Plaintiffs brings this action for damages and injunctive relief against Defendants for their violation of the property and liberty interests of the named parties, as set forth below, under federal and state law.

### JURISDICTION AND VENUE

2. This action arises under the Constitution and laws of the United States and the State of Colorado, and is brought pursuant to the United States Constitution (Amend. 1), Title 42 U.S.C. §§ 1983, and 2000cc, *et seq.*, and the common law of the State of Colorado.

3. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331 and 1367. Jurisdiction supporting Plaintiffs' claim for attorney fees and costs is conferred by 42 U.S.C. 1988.  The Court has the authority to issue a declaratory judgment under 28 U.S.C. § 2201, and to provide injunctive relief and damages under 28 U.S.C. § 1343 and Fed. R. Civ. P. 65.

4. Venue is proper in the District of Colorado pursuant to 28 U.S.C. 1391(b). All of the events alleged herein occurred within the State of Colorado, and all of the parties were residents of the State of Colorado at the time of the events giving rise to this litigation.

## PARTIES

**Plaintiffs**

5. Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH is an established Christian church, with its offices located at 451 Windchime Place, Colorado Springs, CO 80919.

6. Plaintiff ERIC JENKINS is a citizen and resident of Colorado Springs, El Paso County, State of Colorado.

7. Plaintiff MATTHEW BROWN is a citizen and resident of Colorado Springs, El Paso County, State of Colorado.

8. Plaintiff WILLIAM WILLIAMS is a citizen and resident of Colorado Springs, El Paso County, State of Colorado.

9. Plaintiff WILLIE PEE is a citizen and resident of Colorado Springs, El Paso County, State of Colorado.

10. Plaintiff TORRI LOPEZ is a citizen and resident of Colorado Springs, El Paso County, State of Colorado.

11. Plaintiff CLIFFORD STEWART is a citizen and resident of Colorado Springs, El Paso County, State of Colorado.

12. Plaintiff MICHELE HARRIS is a citizen and resident of Colorado Springs, El Paso County, State of Colorado.

13 Plaintiff YOLANDA BANKS WALKER is a citizen and resident of Colorado Springs, El Paso County, State of Colorado.

**Defendants**

14. Defendant, CITY OF COLORADO SPRINGS, is a Colorado municipal corporation and is responsible for the training, supervision, official policies, customs, and actual practices of its agents, the Defendant COLORADO SPRINGS POLICE DEPARTMENT ("CSPD"), the

Defendant VINCE NISKI, Chief of Police of the CSPD, and the Defendant BRIAN CORRADO, an officer and employee of the Defendant CSPD.

15. Defendant, COLORADO SPRINGS POLICE DEPARTMENT, is the law enforcement agency primarily responsible for enforcement of penal laws within the confines of the Defendant CITY OF COLORADO SPRINGS.

16. Defendant, OFFICE OF THE DISTRICT ATTORNEY, FOURTH JUDICIAL DISTRICT, is the office primarily responsible for the prosecution of violations of the criminal laws of the State of Colorado, within El Paso County, the situs of the events herein.

17. Defendant, MICHAEL J. ALLEN, is the District Attorney for the Fourth Judicial District, encompassing twelve of the State's Counties, including the County of El Paso.  In this capacity Defendant ALLEN is responsible for all final decisions regarding the initiation of criminal proceedings in El Paso County, and the prosecution of all criminal defendants in El Paso County.  Defendant ALLEN is sued in his official capacity.

18. Defendant, VINCE NISKI, is the Chief of Police, of the Defendant COLORADO SPRINGS POLICE DEPARTMENT, is a citizen and, upon information and belief, a resident of El Paso County, Colorado, and was at all times material to the allegations in this Complaint, acting in his capacity as a Police Officer employed by the Defendant CITY OF COLORADO SPRINGS, Colorado and was acting under color of state law. As Chief, NISKI is responsible for the training and supervision of CSPD personnel and is the final policymaker for the CSPD. NISKI is sued in his official capacity.

19. Defendant BRIAN CORRADO, is a Detective with the Defendant COLORADO SPRINGS POLICE DEPARTMENT, in the Organized Retail Crimes and Property Crimes Division, therein, having served in that capacity since in or around August 2019.  CORRADO is sued in his individual and official capacity.

20. All individual Defendants were, at all times material to the allegations in this Complaint, acting in their capacities as Chiefs, Commanders and/or Investigators and were responsible for making and/or implementing policies and practices used by other employees and police officers of the Defendants COLORADO SPRINGS POLICE DEPARTMENT, and the DISTRICT ATTORNEY'S OFFICE encompassing El Paso County, at all times pertinent to this action.

## **RELEVANT FACTS**

21. On or about January 13, 2020, the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH ("CSFC") leased an apartment located at 4597 Gold Medal Point # 210, Colorado Springs, CO 80923.

22. Said lease was executed by Plaintiff YOLANDA BANKS WALKER ("WALKER"), on behalf of Plaintiff CSFC.

23. Pursuant to the Lease and the Apartment Occupancy Addendum, a named Occupant of the demised premises was Plaintiff WALKER.

24. Further, named Occupants were one Arnisha Gainer, and one Nicholas Gainer, upon information and belief, married to one another.

25. The named occupants, the Gainers, were fully apprised of, and aware of, all of the terms of the subject lease.

26. The reason and purpose behind the lease and the occupancy, was to provide a residence for Mr. and Mrs. Gainer, and their minor children, due to the Christian charitable efforts of the Plaintiff CSFC to assist those members of the Church (and members of the community) who were in need a proper place to live, and did not have the funds to rent a habitable place for themselves.

27. While the subject premises had no furnishings or furniture, the Plaintiff CSFC provided the following items, all property of the Plaintiff CSFC, and as a loan for the period of occupancy by the Gainers,

Living Room
1. Sectional couch with ottomans
2. End tables (2)
3. Coffee table (1)
4. TV (1)
5. Wall Decor

Dining Area
1. Dining table (1)
2. Chairs (4)
3. Wall Decor

Kitchen
1. Appliances
2. Dishes
3. Glassware
4. Dishtowels and dishcloths
5. Pots and pans
6. Silverware
7. Misc. kitchen items

Bedroom 1
1. Full size bed
2. Full size mattress and boxspring
3. Chest
4. Dresser and mirror
5. Nightstand
6. Lamp
7. Wall decor
8. Bedding sets

Bedroom 2
1. Twin size bed
2. Twin mattress and box spring
3. Chest
4. Dresser and mirror
5. Nightstand
6. Lamp
7. Wall decor
8. Bedding sets
9. Misc. decorator items

Master Bedroom
1. Queen size bed
2. Queen size mattress
3. Chest
4. Dresser and mirror
5. Lamps (2)
6. Bedding sets
7. Wall Decor
8. Misc. decorator items

Master Bathroom
1. Shower curtain and liner
2. Bath towels and washcloths
3. Bathroom accessories
4. Wall Decor

Other Bathroom
1. Shower curtain and liner
2. Bath towels and washcloths
3. Bathroom accessories
4. Wall Decor

28. The value of these items, on loan to the Gainers was in excess of twenty thousand dollars.

29. In addition, thereto, in furtherance of their desire to assist the Gainers, Plaintiff CSFC provided a vehicle to the Gainers.

30. None of these items of personalty were gifts; at no time did the Plaintiff CSFC ever give up its title or right to possess the subject personalty; all of which was known to the Gainers.

31. In or around August 2020, Plaintiff CSFC became aware that the Gainers had been acting in violation of the lease terms, in acting in violation of ¶ 19 of the Lease, *viz*.,

> interfering with, disturbing, or threatening the rights, comfort, health, safety, convenience, quiet enjoyment, management, and use of the community by us, other residents and occupants and any of their guests, agents, invitees, or the general public.

32. Furthermore, the Gainers were advised that their actions and behavior as tenants were in violation of Colorado Rev. Stats. § 18-12-106(a), and in violation of Colorado Springs Ordinances §§ 9.2.110, 9.7.103, dealing with the possession and use of a firearm to threaten an individual.

33. As the Plaintiff CSFC was fully liable on the Lease contract, and in order to protect both its financial liability thereunder, and their personal property interests in the personalty as set forth in ¶¶ 24 through 27 herein, the Gainers were notified, in writing, by counsel for the Plaintiff CSFC, to vacate the premises within thirty days, of said notice.

34. On or about the same date Plaintiffs CLIFFORD STEWART, WILLIE PEE, MATTHEW BROWN, ERIC JENKINS, and TORRI LOPEZ, all carrying no weapons of any kind whatsoever, and acting on behalf of, and with authorization from, the leaseholder Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, appeared at the subject premises in order to retrieve the Church's property, and assist the Gainer's in their moving out from the premises.

35. Willingly and consensually granted access to the premises, Plaintiff STEWART informed the Gainers of the reason that they were present.

36. The Plaintiffs also were accompanied by a locksmith, who proceeded, without any interference from the Gainers, to change the locks to the front door.

37. At this point in time Nicholas Gainer, without justification, reason or cause, emerged from a bedroom brandishing a firearm in a threatening and aggressive manner.

38. In addition, thereto, Gainer's son acted in an aggressive and threatening manner confronting the named Plaintiffs with a baseball bat and waved it around in a threatening and violent manner.

39. Seeking to avoid any physical confrontation, the named Plaintiffs voluntarily withdrew from the premises, and Plaintiff STEWART called the police.

40. Arriving, among others, were Defendant COLORADO SPRINGS POLICE DEPART-MENT officers Adam Fischer, Shane Reed, Samuel Hausman, and Patrick Burgardt.

41. After being informed by Plaintiff STEWART as to the circumstances, including Gainer's brandishing of a firearm in a threatening and provocative manner, the response of the police officers present was that Plaintiff STEWART, and the other Plaintiffs present, were guilty of numerous Colorado criminal statutes.

41. Subsequent thereto an investigation was commenced, on behalf of the Defendants CITY OF COLORADO SPRINGS, COLORADO SPRINGS POLICE DEPARTMENT, and OFFICE OF THE DISTRICT ATTORNEY FOR THE FOURTH JUDICIAL DISTRICT, and individually Defendants MICHAEL J. ALLEN and VINCE NISKI, by Defendant BRIAN CORRADO.

42. Defendant CORRADO then conducted an "investigation", with one goal, and one goal only: to establish that the named individual Plaintiffs herein, *i.e.*, Plaintiffs ERIC JENKINS, MATTHEW BROWN, WILLIAM WILLIAMS, WILLIE PEE, TORRI LOPEZ, CLIFFORD STEWART, MICHELE HARRIS, and YOLANDA BANKS WALKER, had all committed violations of the Colorado penal statute, notwithstanding and ignoring any and all evidence to the contrary.

43. Defendant CORRADO further, in a misguided intentional results-driven effort to seek to prosecute the Defendants named in ¶ 42, sought to expand his investigation, with no legal, factual or rational basis whatsoever, into some fabricated allegations of financial mismanagement by the Plaintiff COLORAD SPRINGS FELLOWSHIP CHURCH.

44. During the course of the initial incident, when Police Officers Burgardt, Fischer, Reed and Hausman arrived at the location, they failed to observe proper protocol, as established by the Defendant COLORADO SPRINGS POLICE DEPARTMENT, by knowingly and intentionally muting their body cams — for extended periods of time material to the investigation — in direct violation of Defendant COLORADO SPRINGS POLICE DEPARTMENT regulations on the use of body cams, specifically the requirement that "Officers will activate their BWC [Body Worn Camera] to record all contacts with individuals in the performance of official duties (calls for service, cover calls and officer initiated activity)."

45. Such requirements for the use of Body Worn Cameras ("BWC"), are that "the BWC will remain activated until the event is completed and will not be turned off until the initial incident that caused the activation has concluded in order to ensure the integrity of the recording, . . ."

46. Furthermore, the Defendant COLORADO SPRINGS POLICE DEPARTMENT mandates that "[i]f an officer purposely fails to activate, interrupts or discontinues recording with the BWC without proper justification, the officer will be subject to disciplinary action."

47. There is no record that either the Defendant COLORADO SPRINGS POLICE DEPARTMENT, or Defendant NISKI, have disciplined, or even investigated these direct and knowing violations of procedure by the named officers.

48. Further evidence that Defendant CORRADO, along with Defendants CITY OF COLORADO SPRINGS, COLORADO SPRINGS POLICE DEPARTMENT, OFFICE OF THE DISTRICT ATTORNEY, FOURTH JUDICIAL DISTRICT, MICHAEL J. ALLEN, DISTRICT ATTORNEY, and VINCE NISKI, CHIEF OF POLICE, solely and exclusively directed their investigation as against the named Plaintiffs herein, and ignored the evidence regarding other violations of the law, and ignored evidence fully exculpating the named Plaintiffs, is the fact that no investigation or charges were ever preferred as against Nicholas Gainer for his clear violation of C.R.S. § 18-12-106(1)(a) (Prohibited use of a weapon), endangering the safety and welfare of a child, in violation of C.R.S. § 18-6-401(1)(a), no attempt was made to determine if any valid issues of child endangerment were investigated based upon the reports allegedly made by the Defendants to child protective services regarding the dangers to the Gainer minor children, ignoring the duty imposed upon the Defendants to report such suspected abuse and endangerment in violation of C.R.S. § 19-3-304(2)(s), and no attempt was ever made to investigate the unlawful theft by the Gainers of the Plaintiff COLORADO SPRINGS FELLOWSHIP

CHURCH personal property (as set forth above), in violation of C.R.S. § 18-4-401(1) (Theft of property).

50. The sole and exclusive investigation, decision to prosecute, and all results thereof, were directed at the named Plaintiffs herein, notwithstanding any evidence to the contrary.

51. This one-sided direction of investigation and prosecution is based upon the clear and un-mistakable actions as against the named Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, a religious institution with a primarily African-American leader-ship and membership, and the named individual Plaintiffs herein, CLIFFORD STEWART, WILLIE PEE, WILLIAM WILLIAMS, MATTHEW BROWN, ERIC JENKINS, TORRI LOPEZ, MICHELE HARRIS and YOLANDA BANKS WALKER, all but one of whom is African-American.

## **FIRST CAUSE OF ACTION**

Violation of the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb
*et seq.* — As Against Defendants ALLEN, NISKI and CORRADO

52. Plaintiffs herein incorporate ¶¶ 1 through 51 as if set forth herein.

53. The named Defendants ALLEN, NISKI and CORRADO, acting in their individual capacity, have directed as set forth above, a course of conduct that is directed solely and exclusively as against the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, and its individual members as set forth herein, *i.e.*, Plaintiffs CLIFFORD STEWART, WILLIE PEE, WILLIAM WILLIAMS, MATTHEW BROWN, ERIC JENKINS, TORRI LOPEZ, MICHELE HARRIS, and YOLANDA BANKS WALKER, based solely and exclusively upon their membership and association with the Plaintiff CSFC.

54. The Religious Land Use and Institutionalized Persons Act ("RLUIPA") forbids governmental institutions, from substantially burdening religious exercise absent exigent circumstances.   42 U.S.C. § 2000CC, *et seq.* RLUIPA is applicable to providers of religious materials and ministrations, and the members of such churches..

55. Within the meaning of the statute, any interference in a religious institutions land use, including lease arrangements, and whether such interference involved the religious practices of the institution.  *Andin v. City of Newport News, Va.*, 813 F.3d 510 (4th Cir. 2016).

56. A Plaintiff establishes a prima facie claim under the RLUIPA by proving the following three elements:

> (1) a substantial burden imposed by the government on a
>
> (2) sincere
>
> (3) exercise of religion.

57. Under the Religious Land Use Act, "exercise of religion" has been expanded beyond its definition under the Free Exercise of the First Amendment.  It now means religious exercise, as defined in 42 U.S.C. §] 2000cc-5. "[R]eligious exercise" is defined in 42 U.S.C. § 2000cc-5(7)(A) to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief."

58. Part and parcel of the ministrations of the Plaintiff CSFC is the providing of necessaries and essentials, including a place to live, and furnishings, in furtherance of the sincere Christian beliefs of the Plaintiff Church and its Plaintiff members.

59. The named Defendants, have acted in their respective individual capacities — Defendant ALLEN in prosecuting the individual Defendants, and in refusing to prosecute

individuals who have converted, unlawfully property of the Plaintiff Church; Defendant NISKI, in his individual capacity as Chief of Police of the Defendant COLORADO SPRINGS POLICE DEPARTMENT in not ordering the investigation of the Gainers' actions, and in not pursuing administrative actions against the individual police officers for their violation of Body Cam procedures, and Defendant CORRADO, in his individual capacity, for conducting a one-sided investigation and campaign as against the Plaintiff CSFC, and its Plaintiff members.

59. As such, the named Defendants, MICHAEL J. ALLEN, DISTRICT ATTORNEY, INDIVIDUALLY, and VINCE NISKI, CHIEF OF POLICE, INDIVIDUALLY,   and   Detective BRIAN CORRADO, INDIVIDUALLY, have violated the Civil Rights of the named Plaintiff, COLORADO SPRINGS FELLOWSHIP CHURCH, and those of the Plaintiffs CLIFFORD STEWART, WILLIE PEE, WILLIAM WILLIAMS, MATTHEW BROWN, ERIC JENKINS, TORRI LOPEZ, MICHELE HARRIS and YOLANDA BANKS WALKER under the provisions of the Religious Land Use and Institutionalized Persons Act, and, as such, are liable to the Plaintiffs, individually and severally, in a sum of monetary damages to be determined at trial.

60. In addition thereto, the appropriate award of attorney fees and costs, under the Civil Rights Act. 42 U.S.C. § 1988(b); *Jasma v. Esmor Correctional Servs., Inc.*, 577 F.3d 169, 171 (3rd Cir. 2009).

## SECOND CAUSE OF ACTION

Violation of Civil Rights under 42 U.S.C. § 1983 —
As Against Defendants CITY OF COLORADO SPRINGS, COLORADO
SPRINGS POLICE DEPARTMENT, OFFICE OF THE DISTRICT
ATTORNEY, FOURTH JUDICIAL DISTRICT, MICHAEL J. ALLEN,
DISTRICT ATTORNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
VINCE NISKI, CHIEF OF POLICE, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY, BRIAN CORRADO, DETECTIVE, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY, Jointly and Individually,

61. Plaintiffs herein incorporate ¶¶ 1 through 60 as if set forth herein.

62. Defendants ALLEN, NISKI, and CORRADO were acting under color of state law in their actions, and inactions, at all times relevant to this action.

63. At the time of the complained of events, Plaintiffs CLIFFORD STEWART, WILLIE PEE, WILLIAM WILLIAMS, MATTHEW BROWN, ERIC JENKINS, TORRI LOPEZ, and YOLANDA BANKS WALKER had the clearly established constitutional right to be free from racial discrimination in law enforcement by police officers and to enjoy the equal protection of the laws.

64. The named Plaintiffs' race was a motivating factor in the named Defendants investigation and prosecution of the subject parties, said Defendants, acting with the purpose of depriving the Plaintiffs of the equal protection and benefits of the law, and equal privileges and immunities under the law, in violation of the Fourteenth Amendment.

65. The police officers present at the scene, along with Defendant CORRADO's reactions to the circumstances regarding this incident were adversely influenced by assumptions and stereotypes arising out of the individual Plaintiffs' race. These assumptions and stereotypes caused, wholly or in part, the decision of the Defendants herein to arrest and prosecute the Plaintiffs, a decision that more probably than not would not have been made with a non-African American suspect.

66. Defendants racially profiled the Plaintiffs and assumed, at least partly, because of their race, that they presented an enhanced threat to public safety. The Defendants' conduct, in their interactions with the Plaintiffs, including their decision to arrest and prosecute them, were infected, and motivated, by implicit or explicit bias leading them to believe that they were more dangerous than would have been had they been a white suspect under the same circumstances.

67. Defendants ALLEN, NISKI, and CORRADO treated the Plaintiffs less favorably — and in a much more unreasonable manner — than they would similarly situated Caucasian counterparts, wholly or in part, because of their race.

68. Race is a suspect class, and differential treatment wholly, or in part, based upon a person's race is presumptively unconstitutional.  There was no compelling state interest justifying the manner in which the decision was made to arrest and prosecute the Plaintiffs.

69. Defendants' actions were objectively unreasonable considering the facts and circumstances confronting them.

70. Defendants ALLEN, NISKI, and CORRADO engaged in these actions intentionally, willfully, maliciously, and wantonly, showing deliberate indifference to, and reckless disregard of, the Plaintiffs' federally protected constitutional rights.

71. Defendant CITY OF COLORADO SPRINGS, and Defendant COLORADO SPRINGS POLICE DEPARTMENT failed to properly train, supervise, and/or discipline its employees, including Defendant CORRADO, regarding the constitutional requirement not to engage in racially biased policing.

71. Defendant CITY OF COLORADO SPRINGS, and Defendant COLORADO SPRINGS POLICE DEPARTMENT's inadequate training, supervision, and/or discipline resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available to said Defendants.

72. Considering the duties and responsibilities of personnel of Defendant CITY OF COLORADO SPRINGS, and Defendant COLORADO SPRINGS POLICE DEPART-MENT — who must police and interact with African-Americans regularly and on a daily basis — and the frequency with which such law enforcement personnel will confront African-Americans while discharging their duties as law enforcement officers as described herein, the need for specialized training, supervision and discipline regarding such decisions is so obvious, and the inadequacy of training and/or supervision is so likely to result in a violation of constitutional rights, such as those described herein, that Defendant CITY OF COLORADO SPRINGS, and Defendant COLORADO SPRINGS POLICE DEPARTMENT are liable for their collective failure to properly train, supervise, and/or discipline its subordinate employees and agents.

73. The Defendants CITY OF COLORADO SPRINGS, and Defendant COLORADO SPRINGS POLICE DEPARTMENT sadly have a long history of being sued for violating the civil rights of minorities, and the poor.  For example, *Brown v. The City of Colorado Springs* (14-cv-1471); *Baker v. Colorado Springs Police Department* (94-1133, 10th Circ.); *Adkins v. City of Colorado Springs* (20-cv-1022); *Faulkner v. Hardy*; *Sexton v. City of Colorado Springs* (20-cv-108).   Notwithstanding these repeated cases of failure to supervise and train its officers, the Defendant COLORADO SPRINGS POLICE DEPARTMENT has failed to do so (all at the expense of the taxpayer).

74. Such failure to properly train, supervise, and/or discipline was a moving force behind and proximate cause of Defendants' racially biased treatment of the Plaintiffs, and makes up an unconstitutional policy, procedure, custom, and/or practice.

75. The failure of the Defendant COLORADO SPRINGS POLICE DEPARTMENT, and Defendant VINCE NISKI to follow through regarding the officers' conscious disregard of Defendant COLORADO SPRINGS POLICE DEPARTMENT disciplinary rules regarding use and maintenance of Body Cams is a clear demonstration of the failure to adequately and properly train and supervise its officers.

76. Defendant CITY OF COLORADO SPRINGS and Defendant COLORADO SPRINGS POLICE DEPARTMENT's failure to train and/or supervise, as well as the failure to take appropriate disciplinary or remedial action on past instances of similar unconstitutional conduct was a legal and proximate cause of the improper arrest and prosecution of the named Plaintiffs.

77. As a direct and proximate result of Defendants' joint and several actions, the Plaintiffs have endured physical and mental pain, humiliation, fear, anxiety, severe economic loss, loss of enjoyment of life, loss of liberty, privacy, loss of consortium with family and friends, and sense of security and individual dignity.

78. As such, the named Defendants herein, jointly and severally, in their official and individual capacities, have violated the Civil Rights of the named Plaintiffs and, as such, are liable to the Plaintiffs, individually and severally, in a sum of monetary damages to be determined at trial.

79. In addition thereto, the appropriate award of attorney fees and costs, under the Civil Rights Act.  42 U.S.C. § 1988(b); *Jasma v. Esmor Correctional Servs., Inc.*, 577 F.3d 169, 171 (3rd Cir. 2009).

### THIRD CAUSE OF ACTION

Violation of Civil Rights under 42 U.S.C. § 1983 —
As Against Defendants CITY OF COLORADO SPRINGS, COLORADO
SPRINGS POLICE DEPARTMENT

80. Plaintiffs herein incorporate ¶¶ 1 through 79 as if set forth herein.

81. Defendant CITY OF COLORADO SPRINGS along with Defendant COLORADO SPRINGS POLICE DEPARTMENT developed and maintained law enforcement related policies, procedures, customs, and/or practices exhibiting or resulting in a deliberate indifference to the Fourteenth Amendment protected constitutional rights of persons in the City of Colorado Springs, which proximately caused the violation of Plaintiffs' constitutional rights.

82. Defendant CITY OF COLORADO SPRINGS, along with Defendant COLORADO SPRINGS POLICE DEPARTMENT, maintained policies, procedures, customs, and/or practices that tacitly or explicitly authorized discriminatory conduct directed at the Plaintiff Church, and its members, including the named Plaintiffs herein, including but not limited to, the failure to train on at least the following: respecting the Fourteenth Amendment rights of citizens to be free from interference in the free exercise of their religion, and not to be subject to arrest and prosecution based upon their membership in a particular religious institution.

83. The acts and omissions of Defendant CORRADO were engaged in pursuant to the formal or informal custom, policy and practice of the Defendant CITY OF COLORADO

SPRINGS, along with Defendant COLORADO SPRINGS POLICE DEPARTMENT, which encourages, condones, tolerates, and ratifies such discriminatory conduct.

84. Defendant CITY OF COLORADO SPRINGS, along with Defendant COLORADO SPRINGS POLICE DEPARTMENT, is liable for their failure, jointly and severally, to train and to appropriately supervise officers of the Defendant COLORADO SPRINGS POLICE DEPARTMENT, including, but not limited to Defendant CORRADO.

85. The inadequate training and supervision provided by Defendant CITY OF COLORADO SPRINGS, along with Defendant COLORADO SPRINGS POLICE DEPARTMENT, resulted from a conscious or deliberate choice to follow a course of action from among various alternatives available.

86. If any training was, in fact, given to Defendant CORRADO concerning the rights of citizens to be free from interference in the free exercise of their religion, then Defendant CITY OF COLORADO SPRINGS, along with Defendant COLORADO SPRINGS POLICE DEPARTMENT, should have known that such training was reckless or grossly negligent and that misconduct in this area was almost inevitable.

87. Defendant CITY OF COLORADO SPRINGS, along with Defendant COLORADO SPRINGS POLICE DEPARTMENT, has a duty to protect the constitutional rights of members of the public, including those rights under the First Amendment, from violations of those rights by members of law enforcement.

88. As a direct and proximate cause and consequence of Defendant CITY OF COLORADO SPRINGS, along with Defendant COLORADO SPRINGS POLICE DEPARTMENT, failure to train and supervise, Plaintiffs have suffered injuries, damages, and losses to be determined at trial.

## FOURTH CAUSE OF ACTION -religion

Violation of Civil Rights under 42 U.S.C. § 1983 —
As Against Defendants CITY OF COLORADO SPRINGS, COLORADO
SPRINGS POLICE DEPARTMENT, OFFICE OF THE DISTRICT
ATTORNEY, FOURTH JUDICIAL DISTRICT, MICHAEL J. ALLEN,
DISTRICT ATTORNEY, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY,
VINCE NISKI, CHIEF OF POLICE, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY, BRIAN CORRADO, DETECTIVE, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY, Jointly and Individually,

89. Plaintiffs herein incorporate ¶¶ 1 through 88 as if set forth herein.

90. As set forth above, the actions of the named Defendant were clearly directed against the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH, and the individual Plaintiffs, CLIFFORD STEWART, WILLIE PEE, WILLIAM WILLIAMS, MATTHEW BROWN, ERIC JENKINS, TORRI LOPEZ, MICHELE HARRIS, and YOLANDA BANKS WALKER; all members of the Plaintiff CSFC.

91. For example, without any cause or justification, Defendant CORRADO attempted to initiate an investigation into the Plaintiff Church's finances, although it was beyond the scope of the arrest of the Plaintiffs.

92. This investigation went no where as it was unfounded and without merit. Nevertheless, it was an example of the bias and prejudice, in violation of the Plaintiff's rights under the Civil Rights Act, to be free from Governmental discriminatory or unconstitutional bias as against the Plaintiff Church and its members.

93. The selective enforcement of the criminal code of the State of Colorado, as directed against the Plaintiffs herein is a direct and actionable basis for relief under Section 1983.

94. The targeting of the members of a particular religious group or church is a violation of the members rights under the Civil Rights Act, Section 1983.

95. The action of the Defendants herein, targeting the Plaintiff Church, and its members was solely and exclusively because they were in fact members of this particular Church. The Defendants abject failure to investigate and determine if any violations of statutes took place on the parts of the Gainers (see ¶ 49) demonstrate a directed discriminatory decision to solely seek to interfere with the individual Plaintiffs free exercise to carry out their functions on behalf of the Plaintiff Church.

96. The actions of Defendants and their agents, servants, or employees, as described above, violate the Establishment Clause of the First Amendment of the United States Constitution (the "Free Exercise and Establishment Clause").

97. Each of the individual Defendants, in their individual capacities, intentionally or recklessly violated Plaintiffs' well-settled constitutional rights under the Free Exercise and Establishment Clauses.

98. As a result of Defendants' policies, acts, and practices, Plaintiffs have suffered and are continuing to suffer irreparable harm.

WHEREFORE, Plaintiffs, by and through its attorney of record, respectfully request judgment as follows,

(a) In favor of Plaintiffs and against Defendants;

(b) A declaratory judgment that Defendants' actions and policies described above violate the Free Exercise and Establishment Clause of the First Amendment to the United States Constitution;

(c) A declaratory judgment that the individual Defendants, named in their individual capacities, violated the Free Exercise and Establishment Clause;

(d)  Declare that Defendants have violated the Religious Land Use and Institutionalized Persons Act, 42 U.S. Code § 2000cc *et seq.*, by interfering with the actions of the Plaintiffs in their role jointly and severally as members of the Plaintiff COLORADO SPRINGS FELLOWSHIP CHURCH;

(e)  Take such actions as may be necessary to prevent the recurrence of such unlawful conduct in the future, including but not limited to, providing RLUIPA training to the personnel and staff and employees of the Defendant OFFICE OF THE DISTRICT ATTORNEY, FOURTH JUDICIAL DISTRICT, and of the personnel and staff and employees of the Defendant COLORADO SPRINGS POLICE DEPARTMENT;

(f) Award to the named Plaintiffs herein, an amount of damages to be determined at trial, plus costs;

(g) and pre-judgment and post-judgment interest;

(h) Award of Attorney fees, and costs and disbursements, as set forth under 42 U.S.C. § 1988; and,

(i) for such other and further relief as this Court shall deem just, proper and equitable.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues. F.R.Civ.P. Rule 38.

Plaintiffs herein, by their Attorney:
LAW OFFICE OF BERNARD V. KLEINMAN, PLLC


By /s/ *Bernard V. Kleinman*
Bernard V. Kleinman, Esq.
108 Village Square
Suite 313

Somers, NY 10589-2305
Tel. 914.644.6660
Fax 914.694.1647
attrnylwyr@yahoo.com

Dated: May 19, 2021