IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 21–cv–01368–WJM–KMT

COLORADO SPRINGS FELLOWSHIP CHURCH,
ERIC JENKINS,
MATTHEW BROWN,
WILLIAM WILLIAMS,
WILLIE PEE,
TORRI LOPEZ,
CLIFFORD STEWART,
MICHELE HARRIS, and
YOLANDA BANKS WALKER,

  Plaintiffs,

v.

CITY OF COLORADO SPRINGS,
COLORADO SPRINGS POLICE DEPARTMENT,
OFFICE OF THE DISTRICT ATTORNEY 4TH JUDICIAL DISTRICT,
MICHAEL J. ALLEN, District Attorney, individually and in his official capacity,
VINCE NISKI, Chief of Police, individually and in his official capacity, and
BRIAN CORRADO, Detective, individually and in his official capacity, jointly and individually,

  Defendants.

**ORDER**

Before the court is Defendants' "Unopposed Joint Motion for Protective Order from Discovery and to Vacate Scheduling Order Requirement." (["Motion"], Doc. No. 30.) In their Motion, Defendants ask that discovery in this matter be stayed, pending resolution of their two previously filed motions to dismiss. (*Id.* at 2.) No response has been filed to the Motion, and

Defendants advise that their request for relief is unopposed by Plaintiffs. (*Id.* at 1.) For the following reasons, the Motion is GRANTED.

On May 19, 2021, Plaintiffs Colorado Springs Fellowship Church, Eric Jenkins, Matthew Brown, William Williams, Willie Pee, Torri Lopez, Clifford Stewart, Michele Harris, and Yolanda Banks Walker commenced this lawsuit, pursuant to 42 U.S.C. § 1983, asserting violations of their First and Fourteenth Amendment rights, as well as violations of the Religious Freedom Restoration Act ["RFRA"], 42 U.S.C. §§ 2000bb *et seq.*, and the Religious Land Use and Institutionalized Persons Act ["RUIPA"], 42 U.S.C. §§ 2000cc *et seq.*, by the City of Colorado Springs ["the City"], the Colorado Springs Police Department ["CSPD"], the Office of the District Attorney, Fourth Judicial District ["DAO"], and three individuals affiliated with those entities—Michael J. Allen, Vince Niski, and Brian Corrado. (Doc. No. 1.)

On June 30, 2021, Defendants DAO and Allen ["the DAO Defendants"] responded to Plaintiffs' allegations by filing a motion to dismiss the claims against them, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing, among other things, that the DAO is entitled to absolute immunity under the Eleventh Amendment, and that Mr. Allen is entitled to absolute prosecutorial immunity and qualified immunity in this case. (Doc. No. 24.) That same day, Defendants CSPD, Niski, and Corrado ["the City Defendants"] filed a separate motion to dismiss, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing, among other things, that CSPD is not a proper party to this action, that Mr. Niski and Mr. Corrado are each entitled to qualified immunity, and that the Complaint's allegations are inadequately pled. (Doc. No. 25.) Both motions to dismiss remain pending.

On July 17, 2021, Defendants jointly filed the present Motion, asking that discovery in this matter be stayed, and that all initial case deadlines be vacated, pending resolution of the two previously filed motions to dismiss. (Mot. 2.) Defendants argue that a discovery stay is warranted here, because the motions to dismiss raise threshold legal challenges to each of Plaintiff's claims for relief. (*Id.*)

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. Rule 26(c), however, permits a court to "make an order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Further, "[t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

In this District, a stay of discovery is generally disfavored. *See, e.g.*, *Rocha v. CCF Admin.*, No. 09-cv-01432, 2010 WL 291966, at *1 (D. Colo. Jan. 20, 2010); *Jackson v. Denver Water Bd.*, No. 08-cv-01984, at *1 (D. Colo. Dec. 15, 2008); *Chavez v. Young Am. Ins. Co.*, No. 06-cv-02419, at *2 (D. Colo. Mar. 2, 2007). Nevertheless, the decision whether to stay discovery rests firmly within the sound discretion of the court. *United Steelworkers of Am. v. Or. Steel Mills, Inc.*, 322 F.3d 1222, 1227 (10th Cir. 2003) (quoting *Landis*, 299 U.S. at 254).

In ruling on a motion to stay discovery, five factors are generally considered: "(1) [the] plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to [the] plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest." *String

3

*Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934, 2006 WL 8949955, at *2 (D. Colo. Mar. 30, 2006); *see United Steelworkers*, 322 F.3d at 1227.  Further, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved."  8A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).

In this case, as to the first factor, there is no evidence to suggest that Plaintiffs will be prejudiced by a discovery stay.  Indeed, the motion to stay is unopposed.  (*See* Mot. 1.)  The first factor, therefore, weighs in favor of the imposition of a stay.  *See Frasier v. Evans*, No. 15-cv-01759, 2015 WL 6751136, at *2 (D. Colo. Nov. 5, 2015) (finding the first factor to weigh in favor of a stay, because the plaintiff did not oppose the requested relief).

As to the second factor, Defendants argue that they would be unduly burdened by moving forward with discovery, primarily because they have asserted immunity defenses to Plaintiffs' claims.  (Mot. 3-5.)  Specifically, the DAO has invoked Eleventh Amendment immunity as to the claims asserted against it, Defendant Allen has invoked both absolute prosecutorial immunity and qualified immunity as to the claims asserted against him, and Defendants Niski and Corrado have each invoked qualified immunity as to the claims asserted against them.  (Doc. No. 24 at 5-7, 13-14; Doc. No. 25 at 9.)  In addition, Defendant CSPD seeks dismissal of the claims asserted against it, on the basis that it is not a proper party defendant.  (Doc. No. 25 at 3.)

It is well-settled that questions of immunity should be resolved at the earliest stages of litigation.  *See Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012) (addressing qualified immunity); *Moore v. Busby*, 92 Fed. App'x 699, 702 (10th Cir. 2004) (affirming trial court's stay of discovery pending resolution of absolute immunity question); *see also Behrens v. Pelletier*,

516 U.S. 299, 308-10 (1996) (noting that discovery can be particularly disruptive when a dispositive motion regarding immunity is pending). In addition, "discovery generally should be avoided" once an immunity defense is raised, unless the plaintiffs demonstrate "how [such] discovery will raise a genuine fact issue as to the defendants' [] immunity claim." *Martin v. Cnty. of Santa Fe*, 626 Fed. App'x 736, 740 (10th Cir. 2015) (citing *Cole v. Ruidoso Mun. Sch.*, 43 F.3d 1373, 1387 (10th Cir. 1994)); *see Raven v. Williams*, No. 19-cv-01727-WJM-SKC, 2019 WL 4954640, at *2 (D. Colo. Oct. 8, 2019) (finding the second factor weighed in favor of a stay, because the plaintiff did not address how discovery would pertain to the defendant's immunity defense). Given that the motions to dismiss, here, appear to be substantially predicated upon questions of law, the court agrees that Defendants could be prejudiced by engaging in discovery at this time. Accordingly, the second factor supports the imposition of a stay. *See Al-Turki v. Tomsic*, No. 15-cv-00524-REB-KLM, 2015 WL 8758745, at *2 (D. Colo. Dec. 15, 2015) (finding the second factor to weigh in favor of a stay, where the underlying motion to dismiss raised only legal arguments for dismissal); *Chapman v. Fed. Bureau of Prisons*, No. 15-cv-00279-WYD-KLM, 2015 WL 4574863, at *3 (D. Colo. July 30, 2015) (finding the second factor weighed in favor of a stay, even though an immunity defense was only applicable as to some of the claims, because "it would be difficult for the parties and the Court to distinguish between discovery related to the claims that may be subject to qualified immunity and those that are not").

Looking to the remaining *String Cheese Incident* factors, the third "court convenience" factor also weighs in favor of stay. Indeed, it is certainly more convenient for the court to enter a stay until it is clear which of Plaintiffs' claims, if any, will move forward. The fourth factor

bears no weight, as there are no non-parties with significant, particularized interests in this case. As to the fifth factor, the general public's primary interest in this case is an efficient and just resolution. Avoiding wasteful efforts by the court and the litigants serves that purpose.

Therefore, considering the *String Cheese Incident* factors together, as well as the strong interest of resolving immunity questions before subjecting government officials to the vicissitudes of litigation, a stay of discovery is appropriate in this case.

Accordingly, it is

**ORDERED** that the "Unopposed Joint Motion for Protective Order from Discovery and to Vacate Scheduling Order Requirement" (Doc. No. 30) is **GRANTED**. Discovery in this matter is **STAYED** pending resolution of the two previously filed motions to dismiss (Doc. Nos. 24-25). The parties' August 9, 2021 deadline to submit a proposed scheduling order is **VACATED**. The parties shall file a joint status report within ten days of a final ruling on the motions to dismiss, if any portion of the case remains, to advise whether the proposed scheduling order deadline should be reset.

Dated this 22nd day of July, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge