IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-01368-WJM-KMT

COLORADO SPRINGS FELLOWSHIP CHURCH, *et al*.

Plaintiffs,

v.

CITY OF COLORADO SPRINGS, *et al*.

Defendants.

---

**DEFENDANTS DISTRICT ATTORNEY, FOURTH JUDICIAL DISTRICT AND MICHAEL J. ALLEN'S REPLY IN SUPPORT OF MOTION TO DISMISS**

---

Defendants Office of the District Attorney, Fourth Judicial District (the "DAO") and Michael J. Allen, District Attorney, in his official and individual capacities ("Allen"),[1] through their counsel, the Office of the County Attorney, El Paso County, Colorado, hereby submit their Reply in Support of Motion to Dismiss (Doc. 24) ("Motion") Plaintiffs' Complaint (Doc. 1) ("Complaint") as follows:

### I. THE DAO AND ALLEN ARE ENTITLED TO ABSOLUTE IMMUNITY

Plaintiffs acknowledge that district attorneys' offices are entitled to absolute immunity under the Eleventh Amendment and prosecutors may be entitled to absolute prosecutorial immunity under *Imbler v. Pachtman*, 424 U.S. 409 (1976). *See* Response in Opposition to Defendants' Motion to Dismiss (Doc. 36) ("Response"), p. 6. Plaintiffs then argue that these

---

[1] As used herein, "DAO" refers to the Office of District Attorney, Fourth Judicial District and Michael Allen in his official capacity. "Allen" refers to Michael Allen in his individual capacity. All other defined terms are the same as used in the Motion.

1

immunities do not apply because the DAO and Allen acted outside their prosecutorial capacities by partaking in the criminal investigation of Plaintiffs. *Id*. at pp. 7-8.

Plaintiffs' argument regarding Eleventh Amendment immunity is inaccurate. Application of Eleventh Amendment immunity to the DAO does not depend upon whether its individual prosecutors act within their prosecutorial capacity. *See Hunt v. Bennett*, 17 F.3d 1263, 1267 (10th Cir. 1994) ("the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state."); *Blatchford v. Native Village of Noatak & Circle Village*, 501 U.S. 775, 785-86 (1991) (Absent an unmistakable waiver by a state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the Eleventh Amendment provides absolute immunity from suit in federal courts for states and their agencies.); *see also Sossman v. Texas*, 563 U.S. 277, 285-88 (2011) (holding that Eleventh Amendment immunity bars RLUIPA claims against a state or state agency). That is to say, the DAO is afforded absolute immunity under the Eleventh Amendment by virtue of it being an arm of the State.

Plaintiffs' argument regarding the application of absolute prosecutorial immunity to individual prosecutors correctly states the law but applies it incorrectly. *See* Response, p. 7 (citing *Sandberg v. Englewood*, 777 Fed. App'x 950, 955 (10th Cir. 2018)). That is because Plaintiffs' Complaint contains no specific, plausible allegations suggesting that Allen acted outside of his role of a prosecutor. Instead, the Complaint cursorily alleges that Allen took part in the investigation of Plaintiffs without describing any specific act Allen allegedly took to investigate Plaintiffs. *See* Compl. pp. 8-10 ¶¶ 41-48; *see also* § IV below. While these cursory allegations should themselves be insufficient to plead around prosecutorial immunity, they are completely

undone by other allegations in the Complaint which make it clear that Plaintiffs seek to hold Allen liable for his role "in prosecuting the individual Defendants [sic], and in refusing to prosecute individuals who have converted, unlawfully property the Plaintiff Church…" *Id*. p. 12 ¶ 58. Such actions are unquestionably prosecutorial in nature meaning Allen is entitled to absolute prosecutorial immunity. *See Warnick v. Cooley*, 895 F.3d 746, 751 (10th Cir. 2018) ([p]rosecutors are entitled to absolute immunity" for anything they do in their roles as advocates, including their "decisions to prosecute.") (internal quotations omitted).

For these reasons and those set forth in the Motion, the DAO and Allen are entitled to absolute immunity under the Eleventh Amendment and *Imbler*, respectively.

## II.   NO CAUSE OF ACTION EXISTS FOR INDIVIDUAL LIABILITY UNDER RLUIPA

Plaintiffs fail to state a cause of action against Allen for violation of RLUIPA because no such cause of action exists. *See Stewart v. Beach*, 701 F.3d 1322, 1333-35 (10th Cir. 2012); *Boles v. Neet*, 402 F.Supp.2d 1237, 1241 (D. Colo. 2005), *aff'd*, 486 F.3d 1177 (10th Cir. 2007). Plaintiffs do not contest this fact, nor do they address the holdings of *Stewart* or *Boles* in their Response.

## III.   PLAINTIFFS HAVE FAILED TO STATE A RLUIPA VIOLATION

The Response confirms that, according to RLUIPA, "a government agency implements a 'land use regulation' only when it acts pursuant to a 'zoning or landmarking law' that limits the manner in which a claimant may develop or use property in which the claimant has an interest." Response, p. 9 (citing *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 434 (6th Cir. 2002) *cert. denied*. 537 U.S. 1018 (2002)).  Plaintiffs then appear to argue that City of Colorado Springs' municipal ordinances requiring that a landlord commence an eviction proceeding before forcibly

evicting a tenant constitute a "land use regulation" for purposes of RLUIPA. *Id.* Assuming such ordinances constitute a "land use regulation," Plaintiffs would still be unable to maintain a RLUIPA claim against the DAO and Allen because they are not responsible for promulgating or implementing the City of Colorado Springs' municipal ordinances. *See* C.R.S. § 20-1-102 *et seq*. Instead, it is alleged that the DAO and Allen are responsible for prosecuting the Individual Plaintiffs for criminal offenses (*i.e.*, state statutes) arising from their attempt to forcibly remove the Gainers from their Apartment without legal authority to do so. *See* Compl. p. 12 ¶ 58.

But even if the City of Colorado Springs' municipal ordinances could comprise a "land use regulation" attributable to the DAO, the Complaint still fails to plausibly allege a "substantial burden." *See* 42 U.S.C. § 2000cc(a)(1)(A) and (B). Indeed, Plaintiffs fail to plausibly allege that the supposed "land use regulation" treated CSFC on less than equal terms with a nonreligious entity (nonreligious entities are also required to initiate an eviction process before forcibly removing tenants); discriminated against any Plaintiff on the basis of their religion or religious denomination; or totally excluded CSFC's religious assemblies from a jurisdiction or unreasonably limited CSFC's religious assemblies, institutions or structures within a jurisdiction. 42 U.S.C. § 2000cc(b)(1)-(3).

For these reasons and those set forth in the Motion, Plaintiffs have failed to state a cognizable cause of action under RLUIPA.

## IV. PLAINTIFFS HAVE FAILED TO STATE A CAUSE OF ACTION UNDER § 1983

In the Response, Plaintiffs confirm that the Complaint fails to identify who is alleged to have done what to whom, especially with respect to Allen. Plaintiffs cite to Paragraphs 40 through 48 of the Complaint as purported proof they "have clearly laid out the actions, both individual, and

collectively, that the Defendants engaged in that violated their Civil Rights." Response, p. 10. But these paragraphs merely identify the CSPD officers who responded to the Apartment and contain a list of conclusory allegations that fail to identify any specific action taken by Allen. As such, the Plaintiffs' § 1983 claims asserted against Allen fail because they do not "make clear exactly who is alleged to have done what to whom, to provide each individual defendant with fair notice as to the basis of the claims against him …" *Robbins v. Oklahoma*, 519 F.3d 1242, 1249-50 (10th Cir. 2008).

Plaintiffs further concede their failure to plausibly allege an Equal Protection Violation under the Fourteenth Amendment (Claim Two) given their Response contains absolutely no argument in support of this claim. *See* Response, *et seq*.

Plaintiffs' argument regarding their First Amendment claim (Claim Four) fares no better because it fails to provide any coherent explanation as to how Allen plausibly violated the First Amendment.[2] At most, Plaintiffs seem to argue that they were justified in violating the laws of the State of Colorado (both eviction laws and criminal laws) and municipal ordinances of the City of Colorado Springs because leasing the Apartment to the Gainers—and unlawfully evicting them—was a charitable action that furthered the religious mission of the Church. This theory makes no sense and fails to give rise to a plausible claim under the First Amendment.

For these reasons and those set forth in the Motion, Plaintiffs have failed to plausibly allege a cause of action under § 1983.

---

[2] During conferral, counsel for Plaintiffs clarified that Plaintiff's Fourth Claim for Relief is asserted under a theory of First Amendment retaliation. *See* Motion, p. 1.

## V.     ALLEN IS ENTITLED TO QUALIFIED IMMUNITY

Allen is entitled to qualified immunity first because Plaintiffs have failed to state an underlying constitutional violation. *See* § IV above. Also, the Response makes no attempt to identify any "clearly established" law that would preclude the application of qualified immunity at this initial stage of litigation. Instead, Plaintiffs argue that the Court should defer its decision on qualified immunity until a later stage of litigation because the "Complaint lays out a clear argument that responsible parties in the city of Colorado Springs, including the Office of the District Attorney and the District Attorney himself, in the manner and methods by which it trained its officers, and investigators, and even more in the manner in which body cam are utilized and maintained, constitutes a valid basis for relief." Response, pp. 12-13. This argument is anything but "clear." And Plaintiffs, having failed to make any attempt to identify "clearly established" law, cannot preclude the application of qualified immunity at this stage. *See Trotter v. Regents*, 219 F.3d 1179, 1184 (10th Cir. 2000) (A plaintiff must "demonstrate a substantial correspondence between the conduct in question and prior law allegedly establishing that the defendant's actions were clearly prohibited.") (internal quotations omitted).

## VI.    PLAINTIFFS HAVE FAILED TO ALLEGE MUNICIPAL LIABILITY

Plaintiffs have failed to allege an underlying constitutional violation for the reasons set forth above and cannot establish municipal liability as a result. *See McClain v. Denver Health & Hosp. Auth.*, No. 17-cv-02238-PAB-NRN, 2018 WL 4698595, at *6 (D. Colo. Sept. 30, 2018) (a *Monell* claim "is not a separate, stand-alone claim…Rather, it 'extends liability to a municipal organization where that organization's failure to train…led to an independent constitutional violation.'") (internal citations omitted).

Beyond the absence of an underlying constitutional violation, Plaintiffs fail to allege any type of municipal policy or custom attributable to the DAO.  The Response appears to assert that the DAO was somehow responsible for training CSPD's police officers with respect to CSPD's body worn camera policy.  Response, pp. 12-13.  The Response then goes on to reference CSPD's body worn camera policy attached to the Response (but not the Complaint) and the CSPD officer's alleged failure to activate their body worn cameras in a timely fashion.  *Id*., pp. 12-15.  Like the Complaint, the Response contains no coherent argument tying the DAO to CSPD's body worn camera policy or enforcement thereof.  As such, Plaintiffs have failed to allege any type of municipal attributable to the DAO and its municipal liability claim against the DAO fails as a result.

## VII.  CONCLUSION

WHEREFORE, the DAO and Allen respectfully request the Court enter an order dismissing Plaintiffs' claims against them with prejudice together with their reasonable cost and attorneys' fees and for such other and further relief the Court deems just and proper.

Dated this 20th day of August 2021.

By: s/ *Nathan J. Whitney*
Nathan J. Whitney, # 39002
Senior Assistant County Attorney
El Paso County Attorney's Office
200 S. Cascade Ave.
Colorado Springs, CO 80903
(719) 520-6485 (Main Office Line)
(719) 520-6597 (Office)
(719) 494-5582 (Mobile)
Email: nathanwhitney@elpasoco.com

*Attorney for Defendants DAO/Allen*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will serve a copy on all CM/ECF participants and I will serve a copy on the following non-CM/ECF participant via U.S. Mail, as follows:

Bernard V. Kleinman, Esq.
108 Village Square, Suite 313
Somers, NY 10589-2305
Email: attrnylwyr@yahoo.com

Ryan Doherty, Esq.
30 S. Nevada Ave., Suite 501
Colorado Springs, CO 80903
Email: ryan.doherty@coloradosprings.gov

      /s/ April Willie

Paralegal